PER CURIAM:
This matter comes before us on appeal from an order of the United States District Court for the Southern District of New York (Buchwald, J.), affirming in part, reversing in part and remanding an order of the United States Bankruptcy Court for the Southern District of New York (Hardin, J.). For the following reasons, the appeal is dismissed for lack of jurisdiction.
Background
The background facts of this matter are detailed extensively in the opinions below. See In re The Penn Traffic Co., 322 B.R. 63 (Bankr.S.D.N.Y.2005) (“Penn Traffic I”); Penn Traffic Co. v. COR Route 5 Co., LLC (In re The Penn Traffic Co.), No. 05 Civ. 3755(NRB), 2005 WL 2276879 (S.D.N.Y. September 16, 2005) (“Penn Traffic II”). For the instant purposes, the following brief summary will suffice. Appellant COR Route 5 Company, LLC (“COR”), is a commercial real estate developer whose holdings include certain tracts of land near a shopping mall known as Towne Center, in Fayetteville, New York. Appellee The Penn Traffic Company (“Penn Traffic”), the debtor-in-possession in the underlying Chapter 11 reorganization proceeding, is one of the leading food retailers in the United States. Penn Traffic owned land with a building, adjacent to the Towne Center, that could not have been developed into a modern suburban supermarket as part of the Towne Center without the inclusion of contiguous and connecting real property owned by COR.
Prior to the commencement of Penn Traffic’s bankruptcy case, COR and Penn Traffic entered into a “Project Agreement” providing for, inter alia, the exchange of certain parcels of land, the site preparation and construction of a modern supermarket, reimbursement by COR to Penn Traffic of a specified portion of the construction costs, Penn Traffic’s conveyance to COR of the parcel of land on which the supermarket is situated, and Penn Traffic’s leaseback of the supermarket property from COR. At the time of Penn Traffic’s bankruptcy filing, COR had performed all of its obligations under the Project Agreement except for the reimbursement of the construction costs (amounting to approximately $3.5 million) and the tender of a lease back to Penn Traffic. Penn Traffic had not conveyed the real property to COR.
Several months after Penn Traffic filed its bankruptcy petition, COR wrote a letter to Penn Traffic in which, the Bankruptcy Court found, it tendered reimbursement of the $3.5 million in construction costs as well as a signed lease as called for by the Project Agreement. Penn Traffic declined to accept COR’s tender and, several months thereafter, moved pursuant to section 365 of the Bankruptcy Code[1] to reject the Project Agreement.
The Bankruptcy Court held that, while the Project Agreement was executory on the petition date (in that both sides had subsisting, unperformed obligations at that time), COR’s postpetition tender of the payment and the lease had rendered the Project Agreement non-executory and thus incapable of rejection. The Bankruptcy Court, accordingly, denied Penn Traffic’s motion to reject the Project Agreement on the ground that the Project Agreement was non-executory. Noting briefly the deferential standard applied to debtors’ *77 business judgments as to whether to assume or reject executory contracts, the Bankruptcy Court observed that:
[t]he debtor’s decision to reject the Project Agreement, if found executory, appears to meet the low threshold of the business judgment test, in that the debt- or has obtained an appraisal of the fair market value of the Penn Traffic Supermarket Parcel at $9.8 million, contrasted with the $3.5 million reimbursement of the Construction allowance which triggers the debtor’s contractual duty to convey title to the Penn Traffic Supermarket Parcel to COR.
Penn Traffic I, 322 B.R. at 68. Penn Traffic appealed the Bankruptcy Court’s order to the District Court, which affirmed the Bankruptcy Court’s determination that the Project Agreement had been an executory contract as of the petition date but rejected the Bankruptcy Court’s holding that executory contract status should be determined as of the rejection motion date, taking into account post-petition performance. The District Court reversed the latter aspect of the decision, holding that “post-petition performance cannot alter the executoriness of a contract,” and remanded the matter “to the Bankruptcy Court for further proceedings consistent with this opinion.” Penn Traffic II, 2005 WL 2276879, at *6. This appeal followed.
Discussion
The parties’ arguments on this appeal focus principally on the question of whether post-petition events can render a contract that was executory on the petition date non-executory for purposes of the Bankruptcy Code provisions permitting a debtor to assume or reject an executory contract.[2]
At oral argument, we raised sua sponte the question of whether, in light of the District Court’s remand of the matter to the Bankruptcy Court for further proceedings, this Court has jurisdiction of the appeal. “We are duty bound to raise this issue sua sponte” despite the parties’ failure initially to address it. Dicola v. Am. Steamship Owners Mut. Prot. and Indemnity Assoc., Inc. (In re Prudential Lines, Inc.), 59 F.3d 327, 331 (2d Cir.1995) (citation and internal quotation marks omitted). The parties addressed the jurisdictional issue briefly at oral argument and, at our request, submitted supplemental letter briefs thereafter.
We have the authority to decide this appeal only insofar as we have jurisdiction of it under section 158(d) of Title 28 of the United States Code. By its terms, section 158(d) only authorizes review of “final” district court orders: “The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees entered” upon district court review of judgments, orders and decrees of the bankruptcy courts. 28 U.S.C.A. § 158(d)(1) (West 2006); see United States Tr. v. Bloom (In re Palm Coast, Matanza Shores Ltd. P’ship), 101 F.3d 253, 256 (2d Cir.1996); In re Prudential Lines, 59 F.3d at 331; Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 775 (2d Cir.1992).
A more flexible concept of “finality” is applied in the bankruptcy context than in appeals of ordinary civil litigation, such that orders in bankruptcy cases may be appealed “if they finally dispose of dis *78 Crete disputes within the larger [bankruptcy] case.” In re Palm Coast, 101 F.3d at 256 (citation and internal quotation marks omitted). However,
even that flexibility is limited by the requirement that there be a final decision on the discrete issue at bar.... Where the district court’s decision is to vacate a bankruptcy court’s order and remand the action to the bankruptcy court, that decision is not itself final if [it] remands the case to the bankruptcy judge for significant further proceedings.
LTV Corp. v. Farragher (In re Chateaugay Corp.), 838 F.2d 59, 61-62 (2d Cir.1988) (citations and internal quotation marks omitted, alteration in original).
Here, the Bankruptcy Court’s order denying Penn Traffic’s motion to reject the Project Agreement was unquestionably a final order, appealable as such to the District Court pursuant to Section 158(a) of Title 28, because it disposed entirely of the parties’ dispute as to whether the debtor could reject the Project Agreement. The “ ‘finality’ of a bankruptcy court’s decision may [,however,] be affected by the district court’s disposition of the appeal.” Bowers v. Connecticut Nat’l Bank, 847 F.2d 1019, 1022 (2d Cir.1988). We have “adopted ‘the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts.’ ” In re Prudential Lines, 59 F.3d at 331 (quoting Bowers, 847 F.2d at 1023). Therefore, we must analyze “whether the district court’s disposition independently rendered the matter nonappealable.” Bowers, 847 F.2d at 1022. The determination of this question, and thus of our jurisdictional issue, turns on whether the District Court’s remand was one contemplating “significant further proceedings” in the Bankruptcy Court. Id. at 1023 (citations omitted).
We have found appellate jurisdiction lacking, and the proceedings contemplated on remand “significant,” where extrinsic evidence remained to be taken as to the meaning of an insurance policy term in the context of an adversary proceeding, see In re Prudential Lines, 59 F.3d at 332-33; where, following reversal of an order awarding a debtor’s assets to a bidder, the bankruptcy court was directed to determine which of the remaining available bids was the highest and best offer to the estate, see Consumer News and Bus. Channel P’ship v. Dow Jones/Group W Television Co. (In re Fin. News Network), 931 F.2d 217, 221-22 (2d Cir.1991); where factual inquiry into the validity of a note was required, see Bowers, 847 F.2d at 1023; and where the district court’s remand decision contemplated the presentation of additional evidence, see In re Chateaugay Corp., 838 F.2d at 62. We have also recognized that “it is a basic rule of finality that only when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a [28 U.S.C. § 1291] final decision.” In re Integrated Res., Inc., 3 F.3d 49, 53 (2d Cir.1993) (citations and internal quotation marks omitted, alteration in original). See In re Gould & Eberhardt Gear Machinery Corp., 852 F.2d 26, 29 (1st Cir.1988) (stating that “[w]hen a remand leaves only ministerial proceedings, for example, computation of amounts according to established formulae, then the remand may be considered final,” and holding that outstanding issue as to entitlement to post-confirmation, prejudgment interest pointed to significant further proceedings).
Here, the District Court’s reversal of the Bankruptcy Court’s order denying the motion to reject the Project Agree *79 ment and its remand of the matter to the Bankruptcy Court for further proceedings leaves unaddressed the discrete issue raised by the original application — whether Penn Traffic should be permitted to reject the Project Agreement as a matter of sound business judgment. Both parties argue that the Bankruptcy Court’s further proceedings on this issue will be ministerial only. In support of this contention, both cite the Bankruptcy Court’s above-quoted observation that the proposed rejection “appears to meet the low threshold of the business judgment test”[3] and argue that grant of the application on remand is such a foregone conclusion that we should treat the District Court’s order as a final one and assume jurisdiction of this appeal.
While it appears that it may not be necessary for the Bankruptcy Court to entertain further evidentiary submissions or extensive argument on remand, the final determination of Penn Traffic’s rejection motion is far from a ministerial act. It is one calling for the exercise of judgment and discretion by the Bankruptcy Court. It may well be that the court’s prior assessment of the record will enable it to perform its judicial function in this regard expeditiously. Its task on remand is, nonetheless, different in kind from the sorts of computations and other mechanical functions, not requiring the exercise of judgment or discretion, that we have characterized as “ministerial” in the past. We see no reason to create any further exceptions to the final judgment rule and, accordingly, dismiss this appeal for lack of jurisdiction.

. Sections 365(a) (relating to executory contracts and unexpired leases) and 1107(a) (providing that a debtor-in-possession generally has the rights of a trustee in bankruptcy) of the Bankruptcy Code generally permit a Chapter 11 debtor-in-possession to assume or reject, subject to the court’s approval, any executory contract or unexpired lease of the debtor. See 11 U.S.C. §§ 365, 1107.

. COR also presses on this appeal an argument, advanced below and explicitly rejected by the District Court, that the Project Agreement was in reality a disguised financing arrangement and thus ineligible for treatment as an executory contract at any stage of Penn Traffic's bankruptcy proceedings. See Penn Traffic II, 2005 WL 2276879, at *3-4.

. Penn Traffic I, 322 B.R. at 68.