SUMMARY ORDER
On June 28, 2005, the United States Bankruptcy Court for the Eastern District of New York (Dorothy Eisenberg, Bankruptcy Judge) entered a final order resolving issues relating to the Chapter 11 bankruptcy proceedings of debtor Malease 18 Corporation (“Malease 18”). Creditor *61 Appellee RM 18 Corporation, the successor corporation to Malease 18, appealed to the District Court. On September 26, 2006, the District Court, 351 B.R. 34, issued a memorandum opinion and order reversing the June 28, 2005 order and remanding the matter back to the Bankruptcy Court. Appellant Aztex Corporation, and creditors-appellants J.P. Morgan Trust Company, N.A and Aztex Associates, L.P, now petition our Court to (1) reverse the September 26, 2006 order of the District Court and (2) affirm the June 28, 2005 order of the Bankruptcy Court. We assume the parties’ familiarity with the facts and the procedural history of the case.
Appellants propose that we have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Specifically, they contend that the District Court’s order of September 26, 2006 is final because it disposed of the legal issue at the heart of this case, leaving the Bankruptcy Court to perform a solely “ministerial task.” Following oral argument, we ordered the parties to submit letter briefs on the relevance of In re AroChem Corp., 176 F.3d 610 (2d Cir.1999) and In, re Penn Traffic, 466 F.3d 75 (2d Cir.2006) to the theory of jurisdiction advanced by appellants. Having now received letter briefs from both parties, we set forth our analysis of this issue below.
Our circuit’s test for finality in the context of bankruptcy appeals is well-established. Where the decision of the bankruptcy court is final, we look to “ ‘whether the district court’s disposition independently rendered the matter nonappealable.’ ” In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999) (quoting In re Palm Coast, Matanza Shores Ltd. P’ship, 101 F.3d 253, 256 (2d Cir.1996)); accord In re Penn Traffic Co., 466 F.3d 75, 78 (2d Cir.2006); In re U.S. Lines, Inc., 216 F.3d 228, 233 (2d Cir.2000); In re Kurtzman, 194 F.3d 54, 57 (2d Cir.1999). The answer to that question — and, hence, to the question of our subject matter jurisdiction— “turns on whether the District Court’s remand was one contemplating ‘significant further proceedings’ in the Bankruptcy Court.” In re Penn Traffic Co., 466 F.3d at 78. This is because an order contemplating significant further proceedings in the Bankruptcy Court will be appealable once these further proceedings have been concluded.
As we explained in Penn Traffic Co., we have, in the past, “found appellate jurisdiction lacking, and the proceedings contemplated on remand ‘significant[ ]’... where the district court’s remand decision contemplated the presentation of additional evidence.” Id, (citing In re Chateaugay Corp., 838 F.2d 59, 62 (2d Cir.1988)). We have also held that remands “calling for the exercise of judgment and discretion by the Bankruptcy Court” are not ministerial in nature. Id. at 79.
In the instant case, appellants challenge an order in which the District Court required the Bankruptcy Court to determine “whether the Kmart settlement as a whole was reasonable.” Special Appendix 22. This undertaking amounts to more than a mere ministerial task. Cf In re Penn Traffic Co., 466 F.3d at 78 (taking note of the First Circuit’s observation, in In re Gould & Eberhardt Gear Mach. Corp., 852 F.2d 26, 29 (1st Cir.1988), that “when a remand leaves only ministerial proceedings, for example, computation of amounts according to established formulae, then the remand may be considered final”). As the District Court itself recognized, the remand contemplates that the Bankruptcy Court will hear and consider additional evidence relating to, inter alia,, “(1) the probability of success in the litigation; (2) the difficulties that may be encountered in collection; (3) the complexity of the litiga *62 tion and the attendant expense, inconvenience, and delay; and (4) the paramount interest of the creditors.” Special Appendix 22-23 (internal quotation marks omitted). For this reason, although the decision of the Bankruptcy Court was final in nature, the disposition of the District Court clearly was not. We therefore lack jurisdiction to hear the instant appeal.
Accordingly, we DISMISS this appeal for lack of subject matter jurisdiction and REMAND to the District Court for further proceedings in keeping with the content of this order and the District Court’s order of September 26, 2006.