09-4419-bk
In re Jacob

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of June, two thousand ten.

PRESENT:   ROGER J. MINER,
                      JOHN M. WALKER, JR.,
                      GERARD E. LYNCH,
                                          *Circuit Judges.*

-------------------------------------------------------------------

IN RE JAMES R. JACOB JR. and KIMBERLY A. JACOB

                                          *Debtors*

-------------------------------------------------------------------

JAMES R. JACOB JR. and KIMBERLY A. JACOB
                                          *Appellees*,

                            v.                                                          No. 09-4419-bk

MARK W. SWIMELAR, TRUSTEE,
                                          *Appellant.*\*

-------------------------------------------------------------------

FOR APPELLANT:         MAXSEN DAVID CHAMPION, ESQ., Law Office of Mark W. Swimelar, Syracuse, NY

FOR APPELLEE:          CRAIG C. HUMPLEBY, ESQ., Humpleby Law Offices, Syracuse, NY

Appeal from an October 16, 2009, Order of the United States District Court for the

Northern District of New York (David N. Hurd, *Judge*) reversing the order of the Bankruptcy

_____

\* The Clerk of the Court is instructed to amend the official caption, including the abbreviated caption, in this case to conform to the listing of the parties above.

Court for the Northern District of New York dismissing appellees' bankruptcy petition and remanding the matter to the Bankruptcy Court (Stephen D. Gerling, *Chief Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of jurisdiction.

On March 15, 2007, debtors-appellees, Kimberly A. Jacob and James R. Jacob Jr., filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Northern District of New York. The bankruptcy trustee, appellant Mark W. Swimelar, filed an objection to the confirmation of the debtors' reorganization plan, arguing that the debtors were not entitled to exempt from the bankruptcy estate an annuity from which James Jacob received monthly payments. On September 16, 2008, the bankruptcy court agreed with the trustee's argument and dismissed debtors' filing. The debtors appealed to the district court, which on October 19, 2009, reversed the bankruptcy court's order, rejecting the trustee's argument concerning the annuity and remanding the matter to the bankruptcy court for it to consider whether to confirm the debtors' plan. The trustee now appeals, asking us to reverse the district court and affirm the bankruptcy court's original order.

Even where the issue is not raised by the parties, we must determine *nostra sponte* whether a district court's order remanding a case to a bankruptcy court is a final order and therefore appealable under 28 U.S.C. § 158(d). *Dicola v. Am. Steamship Owners Mut. Prot. and Indemnity Assoc., Inc. (In re Prudential Lines, Inc.)*, 59 F.3d 327, 331 (2d Cir. 1995). The dismissal of the bankruptcy filing by the bankruptcy court was clearly a final order and

2

was therefore appealable to the district court. However, even in cases where the underlying bankruptcy court decision is final and appealable, "the district court's disposition [may] independently render[ ] the matter nonappealable." *Bowers v. Conn. Nat'l Bank*, 847 F.2d 1019, 1022 (2d Cir. 1988). "Where the district court's decision is to vacate a bankruptcy court's order and remand the action to the bankruptcy court, that decision is not itself final [for appeal purposes] if it remands the case to the bankruptcy judge for significant further proceedings." *In re Penn Traffic Co.*, 466 F.3d 75, 78 (2d Cir. 2006) (internal quotation marks and brackets omitted), quoting *LTV Corp. v. Farragher (In re Chateaugay Corp.)*, 838 F.2d 59, 61-62 (2d Cir. 1988). Even where no further fact finding by the bankruptcy court is necessary, an order of remand that calls for the bankruptcy court to exercise judgment or discretion is not appealable. *Id*. at 79.

In this case, the district court remanded the matter to the bankruptcy court with instructions to consider whether the debtors' proposed reorganization plan met the liquidation test of 11 U.S.C. § 1325(a)(4) and ordered it to consider in particular whether a portion of the contested annuity payments might be subject to claims by unsecured creditors under N.Y. Ins. Law § 3212(d)(2). Since these instructions explicitly required the bankruptcy court to exercise its judgment and discretion, the district court's order is not appealable to this court.

For the foregoing reasons, this appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3