11-2967-cv (L)
*In re Lehman Bros. Holdings Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2011

(Argued: May 18, 2012     Decided: October 4, 2012)

Docket Nos. 11-2967-cv (Lead), 11-2992-cv (CON)

_____

IN RE: LEHMAN BROTHERS HOLDINGS INC.,

*Debtor.*

_____

LIQUIDATORS OF LEHMAN BROTHERS AUSTRALIA LIMITED, LIQUIDATOR,
DANTE NOTEHOLDERS,

*Appellants*,

v.

LEHMAN BROTHERS SPECIAL FINANCING INC.,

*Appellee.*

_____

Before:

JACOBS, *Chief Judge*, and
CHIN and DRONEY, *Circuit Judges*.

Appeal from a judgment of the United States

District Court for the Southern District of New York

(McMahon, *J.*) dismissing appellants' appeal from an order of

the United States Bankruptcy Court for the Southern District

of New York (Peck, *Bankr. J.*) denying without prejudice their motions for leave to intervene in an adversary proceeding.

VACATED and REMANDED.

> ANDREW K. GLENN, Kasowitz, Benson, Torres & Friedman LLP, New York, New York (Eric Foster Leon, Kirkland & Ellis LLP, New York, New York, *on the brief*), *for Appellants*.

> RICHARD W. SLACK (Ralph I. Miller, Peter Gruenberger, Meredith B. Parenti, *on the brief*), Weil, Gotshal & Manges LLP, New York, New York, *for Appellee*.

PER CURIAM:

Appellants Liquidators of Lehman Brothers Australia Limited ("LB Australia") and Dante Noteholders appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) dismissing their appeal from an order of the United States Bankruptcy Court for the Southern District of New York denying without prejudice their motions for leave to intervene in an adversary proceeding. We hold that in the circumstances here the bankruptcy court's denial of

appellants' motions to intervene was a final appealable order.  Accordingly, we vacate and remand.

***BACKGROUND***

The relevant facts are largely undisputed.  In 2002, Lehman Brothers International Europe ("LBIE") created the "Dante Programme" by which certain special purpose entities issued notes of collateralized debt obligations (the "Notes").  The Notes were purchased by appellants as well as other investors.  The same special purpose entities entered into a swap agreement with appellee Lehman Brothers Special Financing Incorporated ("LBSF") whereby LBSF agreed to pay amounts due under the Notes in exchange for certain interests in the collateral that secured the Notes (the "Collateral").

Appellants and LBSF had competing interests in the Collateral.  Under the transaction documents governing the Dante Programme, in certain circumstances appellants had priority with respect to the Collateral, and in other circumstances LBSF had priority.

On September 15, 2008, Lehman Brothers Holdings Incorporated ("LBHI") and LBSF filed for bankruptcy protection pursuant to Chapter 11 of the Bankruptcy Code. According to appellants, the bankruptcy filings constituted events of default giving them priority with respect to the Collateral.

On September 14, 2010, LBSF commenced an adversary proceeding in the bankruptcy court against the trustees of the Dante Programme and the issuers of the Notes (the "Dante Adversary Proceeding"), seeking declaratory relief with respect to priority in the Collateral. LBSF filed adversary proceedings against many other defendants as well, apparently to preserve certain claims prior to the expiration of the applicable statute of limitations.

LBSF moved to stay the Dante Adversary Proceeding (as well as the other proceedings) to pursue alternative dispute resolution. On October 20, 2010, the bankruptcy court granted a stay until July 20, 2011. Thereafter, the bankruptcy court extended the stay three times, through January 20, 2013, subject to further extensions. *See In re*

-4-

*Lehman Bros. Holdings Inc.*, No. 08-13555, ECF No. 29506, at 3. The stay order provided that only the debtors and named defendants could apply to lift the stay. As appellants were not parties to the Dante Adversary Proceeding, they could not challenge the stay order.

On January 23 and 25, 2011, Dante Noteholders and LB Australia moved respectively to intervene in the Dante Adversary Proceeding pursuant to 11 U.S.C. § 1109(b), Rule 24 of the Federal Rules of Civil Procedure, and Rule 7024 of the Federal Rules of Bankruptcy Procedure. Appellants argued that they should be allowed to intervene because they were parties in interest, their interest in the Collateral was being affected by the proceedings, and they would be bound by any judgment rendered against their trustee, who they claimed was not adequately representing them.

At a hearing on February 16, 2011, the bankruptcy court orally denied the motions to intervene without prejudice, concluding that the motions to intervene were in actuality motions to vacate the stay. The court also held that appellants failed to comply with Rule 24(c) of the

Federal Rules of Civil Procedure, which requires an intervention motion to be accompanied by a proposed pleading. On February 18, 2011, the bankruptcy court issued a written order denying the intervention motions without prejudice.

Appellants appealed to the United States District Court for the Southern District of New York. LBSF moved to dismiss the appeal, arguing that the bankruptcy court's denial of intervention was not a final appealable order. The district court agreed, and on June 21, 2011, it dismissed the appeal for lack of appellate jurisdiction. The district court reasoned that the bankruptcy court's order, issued without prejudice, did not resolve the intervention motions on the merits, and that appellants could renew their motions upon the lifting of the stay. The district court found that appellants faced no risk of prejudice because no substantive ruling would be made in the underlying proceedings until the stay was lifted.

This appeal followed.

## DISCUSSION

The district court's determination that the bankruptcy court's order was not appealable is a conclusion of law that we review *de novo*. *See Royal & Sun Alliance Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006); *Mentor Ins. Co. (U.K.) v. Brannkasse*, 996 F.2d 506, 513 (2d Cir. 1993).

We hold that in the circumstances here the bankruptcy court's denial of appellants' motions to intervene was a final appealable order.

First, while we have not previously addressed the appealability of denials of intervention in the bankruptcy context, we have held as a general matter that denials of intervention are final appealable orders. *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010); *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 384 (2d Cir. 2006); *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 189 (2d Cir. 1970) (noting a "practical rather than a conceptual" view of finality (internal quotation marks omitted)). *See generally* 7C

Charles Alan Wright et al., Federal Practice and Procedure §
1923 (3d ed. 2012).  These decisions are based on the
reasoning that the denial of the opportunity to be heard
concludes the matter for all practical purposes for the
would-be intervenor.  *See In re Marin Motor Oil, Inc.*, 689
F.2d 445, 447-48 (3d Cir. 1982) (analyzing appealability of
denials of intervention under the old 28 U.S.C. § 1293(b),
now superseded by 28 U.S.C. § 158); 7C Charles Alan Wright
et al., Federal Practice and Procedure § 1923.

Second, in the bankruptcy context, the standard
for finality is more flexible than in other civil
litigation.  *See In re Pegasus Agency, Inc.*, 101 F.3d 882,
885 (2d Cir. 1996); *In re Chateaugay Corp.*, 922 F.2d 86, 90
(2d Cir. 1990) (noting the "pragmatic approach to finality"
in the bankruptcy context).  *See generally* 16 Charles Alan
Wright et al., Federal Practice and Procedure § 3926 (2d ed.
2012).  Because bankruptcy cases frequently entail
protracted proceedings involving many parties, finality is
viewed functionally, focusing on pragmatic considerations
rather than on technicalities.  *See In re Amatex Corp.*, 755

F.2d 1034, 1039 (3d Cir. 1985); *see also In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 470 (3d Cir. 1998) ("A finality determination in a bankruptcy appeal involves consideration of such factors as the impact of the matter on the assets of the bankruptcy estate, the preclusive effect of a decision on the merits, and whether the interests of judicial economy will be furthered." (internal quotation marks omitted)).

Third, the circumstances here call for a pragmatic approach. The Dante Adversary Proceeding has been stayed since October 2010 and the stay will remain in place until January 20, 2013, with the possibility of still further delays. Appellants have not been permitted to intervene, nor can they even ask again for leave to intervene as long as the stay is in place. Yet, they contend that the stay is prejudicing their interests. Although the bankruptcy court denied appellants' motions without prejudice, they may renew their motions only upon the lifting of the stay. Hence, the bankruptcy court's order is tantamount to a denial with prejudice, as appellants are effectively being denied the opportunity to argue that the stay should be lifted.

Crucial bankruptcy negotiations are ongoing, and the potential intervenors have reason to expect that, unless their appeal from the denial of their motions to intervene is considered, they may ultimately arrive at the scene of a _fait accompli_, or be foreclosed altogether from proceedings that they may be entitled to join.

Of course, we express no view as to the merits of appellants' application to the bankruptcy court for leave to intervene. We hold only that the bankruptcy court's order was a final appealable order that should have been considered by the district court on the merits.

### *CONCLUSION*

For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to reinstate the appeal.