14-2585-bk
Empire State Bldg. Co. v. N.Y. Skyline, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
                     GUIDO CALABRESI,
                     REENA RAGGI,
                                 *Circuit Judges*.

-----------------------------------------------------------------------

IN RE NEW YORK SKYLINE, INC.,

                                 *Debtor*,

-----------------------------------------------------------------------

EMPIRE STATE BUILDING COMPANY L.L.C., EMPIRE STATE BUILDING, INC., EMPIRE STATE BUILDING ASSOCIATES L.L.C.,

                                 *Appellants*,

                     v.                                                                No. 14-2585-bk

NEW YORK SKYLINE, INC.,

                                 *Debtor-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:          FRANCINE        NISIM        (David       S.
                                                   Tannenbaum,      *on      the      brief*),     Stern
                                                   Tannenbaum  &  Bell LLP, New  York,
                                                   New York.

1

APPEARING FOR APPELLEE:    JAMES W. PERKINS, Greenberg Traurig, LLP (Daniel E. Clarkson, Greenberg Traurig, LLP, and Charles A. Stewart, III, Stewart Occhipinti, LLP, *on the brief*), New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) vacating an injunction.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the June 16, 2014 order vacating the bankruptcy court's September 11, 2013 judgment is AFFIRMED.

Appellants Empire State Building L.L.C., Empire State Building, Inc., and Empire State Building Associates L.L.C. (collectively, "ESB") appeal from an order of the district court vacating a judgment entered by the United States Bankruptcy Court for the Southern District of New York (Stuart M. Bernstein, *Bankruptcy Judge*).  See 28 U.S.C. § 158(a) (granting district courts jurisdiction to hear appeals from bankruptcy courts). The district court (1) held that the bankruptcy court had exceeded its authority by entering a final judgment on non-core claims without the consent of all parties, see 28 U.S.C. § 157(c) (authorizing bankruptcy judges to enter final orders and judgments in non-core proceeding only with "consent of all the parties to the proceeding"); (2) vacated the bankruptcy court's judgment, including injunctions against debtor New York Skyline, Inc. ("Skyline"); and (3) remanded the case to the bankruptcy court for initial determination of whether each of the claims in the case was core, non-core, or unrelated to the bankruptcy case when decided.  See New York Skyline, Inc. v. Empire State Bldg. Trust Co. (In re N.Y. Skyline, Inc.) ("Skyline I"), 512 B.R. 159 (S.D.N.Y. 2014).  On

2

appeal, ESB argues that (1) Skyline consented to the bankruptcy court's final determination of the claims at issue; (2) even if the district court properly held that the bankruptcy court lacked authority to enter a final judgment, it nevertheless erred in dissolving the injunctions; and (3) the district court erred in remanding the case to the bankruptcy court. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Skyline Did Not Consent to Final Adjudication by the Bankruptcy Court

A bankruptcy court may not finally adjudicate a non-core claim unless the parties have unambiguously consented to such non-Article III adjudication. See 28 U.S.C. § 157(c); Men's Sportswear, Inc. v. Sasson Jeans, Inc. (In re Men's Sportswear, Inc.), 834 F.2d 1134, 1138 (2d Cir. 1987) ("[A] court should not lightly infer from a litigant's conduct consent to have private state-created rights adjudicated by a non-Article III bankruptcy judge."). ESB contends that Skyline consented to the bankruptcy court's adjudication in its pleadings, in its reorganization plan (the "Plan"), and by not objecting throughout the proceedings. Even assuming, as ESB argues, that the bankruptcy court's determination that Skyline had consented is entitled to deference, ESB's arguments fail.

A litigant can consent to bankruptcy court adjudication through its conduct. See In re Men's Sportswear, Inc., 834 F.2d at 1137–38; see also Stern v. Marshall, 131 S. Ct. 2594, 2607–2608 (2011) ("Given Pierce's course of conduct before the Bankruptcy Court, we conclude that he consented to that court's resolution of his defamation claim (and forfeited any argument to the contrary)."). Skyline's conduct here, however, must be understood in light of the bankruptcy court's pre-Stern v. Marshall holding that it had

3

authority to adjudicate the claims because they were core, and its post-<u>Stern v. Marshall</u> holding that it had authority to adjudicate the claims because Skyline had consented. <u>See</u> J.A. 143 (pre-<u>Stern v. Marshall</u> holding); <u>Empire State Bldg. Trust Co. v. N.Y. Skyline, Inc. (In re N.Y. Skyline, Inc.)</u>, 471 B.R. 69, 78–80 (Bankr. S.D.N.Y. 2012) (post-<u>Stern v. Marshall</u> holding). Simply put, Skyline twice objected to the bankruptcy court's authority, and the bankruptcy court twice rejected its arguments. Under those circumstances, Skyline's acquiescence to the bankruptcy court's rulings does not establish unambiguous consent, waiver, or forfeiture. <u>See</u> <u>Jacques v. DiMarzio, Inc.</u>, 386 F.3d 192, 201 (2d Cir. 2004) (holding argument not waived for failure to object where party previously raised argument and district court considered and rejected it); <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994) (finding no waiver where "further objection . . . on a ground already thoroughly discussed[] would have been futile").

Moreover, even absent Skyline's other objections, the Plan does not constitute its unambiguous consent to bankruptcy court adjudication. The Plan states, in relevant part:

> 11.1 **Retention of Jurisdiction** The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not limited to, proceedings:
>
> . . .
>
>> (b) To determine any and all adversary proceedings, applications, and contested matters that are pending on the Effective Date;
>
> . . .
>
>> (i) To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 28 U.S.C. § 1334 and 28 U.S.C. § 157;

4

(j) To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Debtor's Estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code . . . .

J.A. 842–843; see also 7 Collier on Bankruptcy ¶ 1123.02[6] (16th ed. 2015) (noting that such jurisdiction-retention provisions are commonly included in reorganization plans). Although ESB claims that Skyline's agreement that "the Court" shall retain jurisdiction to hear and determine all claims and adversary proceedings is consent to adjudication of those claims by the bankruptcy court, it is not clear that, under the Plan, "the Court" refers to the bankruptcy court. Rather, "the Court" retaining jurisdiction might well reference the district court, which, with minor exceptions, is the only federal tribunal with jurisdiction over bankruptcy proceedings. See 28 U.S.C. § 1334. Indeed, when the Plan refers to the bankruptcy court elsewhere, it refers to it as "the Bankruptcy Court," which is a defined term under the Plan. See J.A. 819 (defining "Bankruptcy Court" as "the United States Bankruptcy Court for the Southern District of New York"); see, e.g., J.A. 819, 822, 835 (referring to orders of "the Bankruptcy Court"); see also J.A. 842–843 (stating that "[t]he Court shall have jurisdiction . . . [t]o hear and determine disputes or issues arising in connection with the interpretation, implementation, or enforcement of . . . any settlement approved by the Bankruptcy Court" (emphasis added)).

In this case, pursuant to 28 U.S.C. § 157, the district court referred all proceedings to the bankruptcy court, a "unit of the district court." 28 U.S.C. § 151; see also id. § 152(a)(1) ("Bankruptcy judges shall serve as judicial officers of the United States district court established under Article III of the Constitution."). That referral, however,

does not alter the fact that the district court, rather than the bankruptcy court, ultimately has jurisdiction. See Stern v. Marshall, 131 S. Ct. at 2607 (stating that allocation of authority between district courts and bankruptcy courts under 28 U.S.C. § 157 "does not implicate questions of subject matter jurisdiction"); see also Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 96 (2d Cir. 2005) (referring to bankruptcy courts as "delegated adjuncts of the district court"). Thus, the Plan could be read merely to allow the district court to maintain jurisdiction after plan confirmation— and, to the extent permitted under 28 U.S.C. § 157, to refer matters to the bankruptcy court. Under these circumstances, the Plan does not manifest Skyline's unambiguous consent to final adjudication of non-core claims by the bankruptcy court. See generally Weisfelner v. Blavatnik (In re Lyondell Chem. Co.), 467 B.R. 712, 722 (S.D.N.Y. 2012) (Cote, J.) ("Jurisdiction retention language from a Plan, by itself, does not confer upon a bankruptcy court authority to enter final orders.").

Accordingly, we identify no error in the district court's determination that Skyline did not consent to bankruptcy court adjudication.

2.    Vacatur of the Injunctions

The district court properly vacated the judgment upon holding that the bankruptcy court lacked authority to enter it. See Central Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003) ("Where bankruptcy courts have exceeded their jurisdiction in non-core proceedings, we have not hesitated to vacate the bankruptcy court judgment on direct appeal."). Nevertheless, ESB argues that the district court should have left the

6

injunctions in place while proceedings continued in the bankruptcy and district courts. This argument is also meritless.

We review a district court's decisions regarding permanent injunctions for abuse of discretion. See Shain v. Ellison, 356 F.3d 211, 214 (2d Cir. 2004); Carlos v. Santos, 123 F.3d 61, 67 (2d Cir. 1997). Because the bankruptcy court lacked authority to enter the injunctions in the first place, there were no valid injunctions for the district court to extend. Thus, the only way the district could have left the injunctions in place was if it made the findings necessary to support the injunctions and entered them under its own authority. We conclude that the district court did not abuse its discretion by declining to enter the injunctions under its own authority at this stage in the proceedings, when the district court has not yet had the opportunity to assess the merits of the claims for itself. The cases cited by ESB are not to the contrary, for the reasons explained by the district court in its denial of ESB's motion for an injunction or stay of the vacatur of the bankruptcy court's judgment. See New York Skyline, Inc. v. Empire State Bldg. Trust Co. (In re N.Y. Skyline, Inc.) ("Skyline II"), 520 B.R. 1, 8–9 (S.D.N.Y. 2014).

3.     Remand to the Bankruptcy Court

ESB argues that the district court erred in remanding the case to the bankruptcy court for further proceedings. The argument raises serious concerns about the proper construction of Stern v. Marshall and whether it (1) held 28 U.S.C. § 157(b)(2)(C) was unconstitutional on its face or as applied in that case; (2) limits bankruptcy courts' ability to treat core claims implicating Article III powers as non-core claims, see Executive Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172–73 (2014); and (3) affected

7

bankruptcy courts' power over non-core claims. We cannot conclusively decide those questions on this appeal, however, because we lack jurisdiction to review the remand issue. Thus, our affirmance should not be read to endorse the district court's interpretation of <u>Stern</u>.

The only basis for appellate jurisdiction asserted by ESB is 28 U.S.C. § 1292(a)(1), which permits us to hear appeals from "interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). That jurisdiction does not extend to the district court's remand order, which had no impact on any injunction. Moreover, even if ESB had asserted jurisdiction pursuant to 28 U.S.C. § 158(d)(1), which allows appeals from "final decisions, judgments, orders, and decrees" of district courts in bankruptcy appeals, the order remanding the case was not an appealable final decision. <u>See</u> <u>COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)</u>, 466 F.3d 75, 79 (2d Cir. 2006) (holding that order remanding to bankruptcy court for proceedings "calling for the exercise of judgment and discretion by the Bankruptcy Court," as opposed to remand for "ministerial act," is not appealable under 28 U.S.C. § 158(d)). We do not, however, foreclose the district court from giving further consideration to its decision to remand.

We have considered ESB's remaining arguments and conclude that they are without merit. We therefore AFFIRM the vacatur order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8