18-3233-bk

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

IN RE JAMES I. WYNN, SR.,

                    *Debtor.*

---

JAMES I. WYNN, SR.,

                    *Debtor-Appellant,*                    18-3233-bk

                    v.

GEORGE M. REIBER, KENNETH W. GORDON,
KATHLEEN D. SCHMITT,

                    *Trustees-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          James I. Wynn Sr., pro se, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**         George M. Reiber, pro se, Rochester, NY;
                                      Kenneth W. Gordon, pro se, Rochester,
                                      NY; Andrew D. Velez-Rivera, Office of

the United States Trustee, New York, NY
(for Kathleen D. Schmitt).

Appeal from an October 3, 2018 Order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant James I. Wynn, Sr., pro se, filed for Chapter 13 bankruptcy in 2013. In 2017, the bankruptcy court converted his proceedings to Chapter 7. In 2018, it "discharged" the Chapter 13 trustee and issued a scheduling order for the Chapter 7 proceedings that denied several of Wynn's motions without prejudice. Wynn appealed to the district court. There, he moved for in forma pauperis status, waiver of appeal fees, and appointment of counsel. The district court denied Wynn's motions and Wynn filed an interlocutory appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 28 U.S.C. § 158(d)(1), we have jurisdiction to review "final" district court decisions that in turn review a bankruptcy court order. A more flexible standard of finality applies to bankruptcy proceedings than to ordinary civil litigation. *See Cor Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 466 F.3d 75, 77–78 (2d Cir. 2006). A bankruptcy order is final if it "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992). "The district court's own decision of an appeal from the bankruptcy court is not a final decision for purposes of appeal to the court of appeals unless the order of the bankruptcy court was final." *Id.* at 775.

In the district court, Wynn appealed two different orders that "discharged" the Chapter 13 trustee and denied without prejudice various motions Wynn had filed. *See* Order Allowing Trustee's Final Account and Discharging Trustee, In re James I. Wynn, Sr., No. 13-20304 (Bankr. W.D.N.Y. Feb. 26, 2018), ECF No. 398; Decision and Case Management Order, In re James I. Wynn, Sr., No. 13-20304 (Bankr. W.D.N.Y. Feb 26, 2018), ECF No. 399. Neither order is final. The order discharging the trustee was a ministerial task required after Wynn's Chapter 13 bankruptcy was converted to a Chapter 7 proceeding. The conversion itself "terminates the service of any trustee . . . that is serving in the case before such conversion." 11 U.S.C. § 348(e). Here, the conversion occurred in 2017. This 2018 order formally discharging the trustee did not further change the proceedings or "resolve" any issues because the conversion itself ended the trustee's service.

Nor is the second bankruptcy court order denying Wynn's various motions without prejudice a final order because nothing prevented Wynn from refiling the motions. *Cf. Liquidators of Lehman Bros. Australia Ltd. v. Lehman Bros. Special Financing Inc. (In re Lehman Bros. Holdings Inc.)*, 697 F.3d 74, 77 (2d Cir. 2012) (holding that denial without prejudice of a motion to intervene is a final order, in part, because the denial without prejudice occurred in conjunction with a stay that prevented the movant from refiling the motion and prejudiced its interests). Because neither order "completely resolve[d] all of the issues pertaining to a discrete claim," *In re Fugazy Express, Inc.*, 982 F.2d at 776, we lack jurisdiction over the appeal. The appeal is therefore dismissed.

## CONCLUSION

For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3