MESKILL, Circuit Judge:
 

 This is an appeal from a judgment of the United States District Court for the District of Connecticut, Nevas,
 
 J,
 
 reversing a decision of the United States Bankruptcy Court, Krechevsky,
 
 J.,
 
 and remanding for further proceedings. For reasons that follow, we conclude that we lack appellate jurisdiction and accordingly dismiss this appeal.
 

 BACKGROUND
 

 We summarize the long history that brings these parties before us. On April 23, 1980, Florence Bowers executed a demand note in the amount of $40,000 in favor of Hartford National Bank and Trust Co., now known as Connecticut National Bank (the Bank). The note was secured by a mortgage on her house in Burlington, Connecticut. Within days, however, the Bank allegedly discovered other encumbrances on the house and made demand for full payment on the note. In September 1980, the Bank commenced a foreclosure proceeding in Connecticut Superior Court. Bowers counterclaimed for cancellation of the mortgage. The Bank also sought a prejudgment attachment of money that Alfred and Barbara Marulli owed Bowers. On January 14, 1981, the Superior Court found that there was probable cause to sustain the validity of the Bank’s claim and accordingly granted the request for the attachment pursuant to Conn.Gen.Stat. Ann. §§ 52-278d, 52-278h (West Supp. 1988).
 
 See
 
 J.App. at 16.
 

 The foreclosure action was tried in 1983. The Superior Court found, for reasons not relevant here, that the Bank’s demand on the note constituted a “failure of consideration” that “invalidated the complete transaction.” J.App. at 171-72. The court accordingly denied the Bank’s request for foreclosure and directed judgment for Bowers on her counterclaim, declaring the mortgage “null and void.”
 
 Id.
 
 at 172.
 

 The Connecticut Appellate Court affirmed the Superior Court’s decision in most respects.
 
 Hartford National Bank and Trust Co. v. Bowers,
 
 3 Conn.App. 656, 491 A.2d 431 (1985). The court did not disturb the Superior Court’s conclusions as to the invalidity of the mortgage or the denial of foreclosure. The Appellate Court noted, however, that “[tjhere was no dispute ... as to the validity of the note in the principal amount of $40,000.”
 
 Id.
 
 at 660, 491 A.2d at 433. Based on this finding of partial error, the case was remanded to the
 
 *1021
 
 Superior Court “with directions to render judgment for the [Bank] as to the principal amount due on the note,” as well as .for further proceedings to calculate interest and costs, including attorney’s fees, according to the note’s terms.
 
 Id.
 
 at 661, 491 A.2d at 433. The Connecticut Supreme Court denied Bowers’ petition for certification to appeal. 196 Conn. 810, 494 A.2d 906 (1985).
 

 Before judgment could be entered on the note, however, Bowers commenced a Chapter 13 bankruptcy proceeding on October 13, 1985, in the United States Bankruptcy Court for the District of Connecticut. The filing of Bowers’ bankruptcy petition brought into play the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362 (1982 & Supp. IV 1986), which prevented the entry of a judgment on the note. The Bank thereafter presented an Application for Partial Payment of Secured Claim, seeking payment of the funds garnished pursuant to the prejudgment attachment obtained in the foreclosure action. The bankruptcy court, Krechevsky,
 
 J.,
 
 granted the application, holding that the Bank was entitled to the garnished funds and interest, reduced by an exemption of $4,050 pursuant to the judicial lien avoidance provision of 11 U.S.C. § 522(f)(1) (1982). 69 B.R. 822. Judge Krechevsky did not reach Bowers’ argument that the note in the original transaction was tainted by the same factors that voided the mortgage, however, because he concluded that the decision of the Connecticut Appellate Court was
 
 res judicata
 
 as to the note’s validity.
 

 Bowers appealed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 158(a) (Supp. III 1985). Judge Nevas reversed the bankruptcy judge’s decision, holding that the bankruptcy court was not precluded from considering the issue of the note’s validity. 79 B.R. 388. He observed that bankruptcy courts extend full faith and credit to judgments of state courts and accord them pre-clusive effect to the same extent as would the state courts themselves.
 
 See
 
 J.App. at 202-04 (citing
 
 Kelleran v. Andrijevic,
 
 825 F.2d 692, 694 (2d Cir.1987),
 
 cert. denied,
 
 — U.S. — , 108 S.Ct. 701, 98 L.Ed.2d 652 (1988)). He proceeded to discuss
 
 Osterlund v. State,
 
 135 Conn. 498, 66 A.2d 363 (1949), which holds that “a decision of [the Connecticut Supreme Court or of the Connecticut Appellate Court] does not make res adjudicata any issue of fact involved in it; it is the judgment of the tribunal from which an appeal is taken which, if affirmed by [the reviewing court] or rendered in conformity to a decision [it] make[s], conclusively determines any such issues.”
 
 Id.
 
 at 502, 66 A.2d at 366. Relying on this principle, he concluded that Connecticut would not consider the Appellate Court’s decision preclusive because it did not “affirm” a finding of the trial court on the note’s validity, and because there had been no “judgment rendered in conformity” to it. He accordingly remanded the case to the bankruptcy court for proceedings to determine the validity of the note.
 

 The Bank appealed to this Court. Both parties briefed the merits of the district court’s disposition of the preclusion issue. At oral argument we questioned our appellate jurisdiction. Specifically, we expressed concern that the district court’s order of remand for further proceedings was not sufficiently final to constitute an appealable order. Assisted by further briefing from the parties, we now turn to that issue.
 

 DISCUSSION
 

 I.
 

 28 U.S.C. § 158 defines jurisdiction over appeals in bankruptcy matters. Although interlocutory orders of bankruptcy courts may be appealed to the district courts “with leave of the court,”
 
 see
 
 28 U.S.C. § 158(a), the jurisdiction of the courts of appeals is confined to “appeals from all
 
 final
 
 decisions, judgments, orders, and decrees” of district courts sitting in review of bankruptcy courts,
 
 id.
 
 § 158(d) (emphasis added).
 
 See also In re Chateaugay Corp.,
 
 838 F.2d 59, 61 (2d Cir.1988);
 
 In re Johns-Manville Corp.,
 
 824 F.2d 176, 179 (2d Cir.1987);
 
 In re Stable Mews Associates,
 
 778 F.2d 121, 122 (2d Cir.1985). Furthermore, a district court decision is not
 
 *1022
 
 “final” for purposes of our jurisdiction when the underlying bankruptcy court decision is interlocutory and appeal to the district court is taken under the “with leave” provision of section 158(a).
 
 See In re Stable Mews,
 
 778 F.2d at 122.
 
 See also In re Louisiana World Exposition, Inc.,
 
 832 F.2d 1391, 1395 & n. 5 (5th Cir.1987);
 
 In re Ryther,
 
 799 F.2d 1412, 1414 (9th Cir.1986);
 
 In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 799-803 (1st Cir.1985).
 
 But see In re Christian Life Center,
 
 821 F.2d 1370, 1373 (9th Cir.1987) (interlocutory character of bankruptcy court’s order “does not automatically defeat ... jurisdiction” of the court of appeals).
 

 The nature of bankruptcy itself adds special considerations to an appellate court’s inquiry into finality. Orders that do not dispose of the bankruptcy in its entirety may nevertheless be considered final for purposes of section 158 if they “ ‘conclusively determine[ ] a separable dispute over a creditor’s claim or priority.’ ”
 
 In re Johns-Manville,
 
 824 F.2d at 179 (quoting
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 445-46 (1st Cir.1983)) (footnote omitted).
 
 See also Maiorino v. Branford Savings Bank,
 
 691 F.2d 89, 93 (2d Cir.1982) (noting that a single bankruptcy may involve multiple “final” decisions).
 
 Cf. In re Stable Mews,
 
 778 F.2d at 122 (noting “requirement [of] final decision on the discrete issue at bar”). Finality in the bankruptcy context is further complicated by the additional layer of appellate review in the district courts: the “finality” of a bankruptcy court’s decision may be affected by the district court’s disposition of the appeal.
 
 See generally 1 Collier on Bankruptcy
 
 113.03[6][b], at 3-176 (L. King 15th ed. 1987) (discussing diverse interpretations of effect of remand by district courts for further proceedings in the bankruptcy courts).
 

 Our inquiry into appellate jurisdiction under section 158(d) thus consists of two steps. First, we must determine whether the underlying decision of the bankruptcy court was final or interlocutory. Intertwined with this determination is the procedural status of the district court’s appellate
 
 review
 
 — i.e., whether appeal was taken as of right or under the discretionary “with leave” provision of section 158(a). If the decision was final, we must then ask whether the district court’s disposition independently rendered the matter nonap-pealable.
 

 II.
 

 Inconsistencies in the record make it difficult to draw a firm conclusion about the finality of the bankruptcy court’s decision in this case. Judge Krechevsky construed the Bank’s “application” as a motion commencing a “contested matter” under Bankruptcy Rule 9014. It can be argued that his decision on the application was final in the sense that it disposed of a discrete issue within the overall bankruptcy.
 
 See
 
 1
 
 Collier on Bankruptcy, supra,
 
 1f 3.03[6][b], at 3-174 (each contested matter “should be considered a separate judicial unit for purposes of determining finality”). Cf
 
 . In re Stable Mews,
 
 778 F.2d at 122. The picture is muddled, however, because Bowers, apparently hedging her bets, filed
 
 both
 
 a “notice of appeal”
 
 and
 
 an “application for leave to appeal,” each dated February 13, 1987. Her appellate brief to the district court contained a “Statement of the Basis of Appellate Jurisdiction” that identified
 
 only
 
 the “with leave” provision of section 158(a), however, and added that she had “filed an application for leave to appeal” but did not mention that she had also filed the notice of appeal. Thus, although Bowers might have been entitled to appeal the bankruptcy court’s decision, she evidently abandoned that option.
 

 The district court’s opinion provides little clarification. The court was apparently of the impression that the appeal was taken under the “with leave” provision for review of interlocutory orders. Judge Nevas mentioned that Bowers had applied for leave to appeal, but he noted only that application had been made to the bankruptcy court. He concluded with the enigmatic statement that “[l]eave [to appeal] was granted,” J.App. at 202, although no grant of leave appears in the materials presented for our consideration.
 

 If Bowers’ appeal to the district court was taken by leave of court from an inter
 
 *1023
 
 locutory order, our inquiry would be at an end. In such circumstances, we lack jurisdiction.
 
 See In re Stable Mews,
 
 778 F.2d at 122;
 
 see generally
 
 1
 
 Collier on Bankruptcy, supra,
 
 ¶ 3.03[6][b], at 3-176. Despite the ambiguity of the record in this respect, Bowers’ voluntary reliance on the “with leave” avenue of appeal might alone justify treating the bankruptcy court’s order as interlocutory.
 
 Cf. In re Ryther,
 
 799 F.2d at 1414-15 (dismissing appeal because appellant had treated bankruptcy court’s order as interlocutory before district court);
 
 In re Stable Mews,
 
 778 F.2d at 123 (dismissing appeal in which appellant-debtor treated bankruptcy court’s decision as interlocutory).
 

 Even if the underlying bankruptcy court decision was final and appealable as of right, however, the second step of the jurisdictional inquiry would still lead to dismissal of this appeal. The district court directed further proceedings in the bankruptcy court to determine the validity of the note on which the Bank’s attachment was based. We have recently endorsed the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for “ ‘significant further proceedings’ ” in bankruptcy courts.
 
 See In re Chateaugay,
 
 838 F.2d at 61-62 (quoting
 
 In re Commercial Contractors, Inc.,
 
 771 F.2d 1373, 1375 (10th Cir.1985)).
 
 See also In re Vekco, Inc.,
 
 792 F.2d 744, 745 (8th Cir.1986) (“further factual development ... or ... other significant judicial activity involving the exercise of considerable discretion”);
 
 In re TCL Investors,
 
 775 F.2d 1516, 1519 (11th Cir.1985) (development of “factual record ... as required by the district court”);
 
 In re Stanton,
 
 766 F.2d 1283, 1288 (9th Cir.1985) (“further factual findings relating to a central issue on appeal”);
 
 In re Riggsby,
 
 745 F.2d 1153, 1156 (7th Cir.1984) (“significant further proceedings”).
 
 But see In re Marin Motor Oil, Inc.,
 
 689 F.2d 445, 447-48 (3d Cir.1982) (appellate jurisdiction asserted in case in which bankruptcy court denied request of creditors’ committee to intervene in two adversary proceedings and district court reversed),
 
 cert. denied,
 
 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983).
 
 Cf. In re Comer,
 
 716 F.2d 168, 170-72 (3d Cir.1983) (court of appeals held that it had jurisdiction of appeal where bankruptcy court denied request to lift stay and district court reversed and remanded).
 
 [1]
 
 The view shared by the majority of circuits soundly reconciles the “flexible” view of finality in bankruptcy with the concerns of avoiding piecemeal appeals and conserving judicial resources that animate the general requirement of finality.
 

 Thus, even if we considered the underlying bankruptcy court decision to be final, the district court’s remand for factual inquiry into the validity of the note vitiates appellate jurisdiction under section 158(d). The Bank argues, however, that we should follow
 
 In re Gardner,
 
 810 F.2d 87 (6th Cir.1987), in which the Sixth Circuit asserted jurisdiction even though the district court had remanded the case to the bankruptcy court for “further factual determinations.”
 
 See id.
 
 at 92. The
 
 Gardner
 
 Court held that it had jurisdiction because resolution of a “central, determinative [legal] issue,”
 
 id.,
 
 would render academic the further factual inquiry mandated by the district court.
 
 Cf. Gillespie v. United States Steel Corp.,
 
 379 U.S. 148, 152-54, 85 S.Ct. 308, 310-12, 13 L.Ed.2d 199 (1964) (recognizing exception to finality requirement under 28 U.S.C. § 1291 where “eventual costs ... will certainly be less if we now pass on ... questions” that are “fundamental to the further conduct of the case”);
 
 In re Brown,
 
 803 F.2d 120, 123 (3d Cir.1986) (noting that order of district court remanding to bankruptcy court can be appealable if reversal of district court would
 
 *1024
 
 preclude further litigation). If we assumed jurisdiction and reversed the district court on the preclusion issue, as the Bank urges us to do, we could certainly save the parties and the bankruptcy court the need to devote resources to an inquiry into the note’s validity, possibly avoiding further appeals as well.
 

 This approach does not withstand further scrutiny, however. The remand to the bankruptcy court ordered here leaves open many possible resolutions that may well settle, or obviate the need to decide, issues presented by this appeal.
 
 Cf. In re Chateaugay,
 
 838 F.2d at 62 (“no further appeals may be necessary”) (citing
 
 In re Riggsby,
 
 745 F.2d at 1155-56). We hesitate to create any new exceptions to the requirement of finality in the bankruptcy context because each petition already has the potential to generate multiple properly appealable orders.
 
 Cf. Maiorino,
 
 691 F.2d at 91 (noting policy concerns militating against “great liberality” in matters of bankruptcy appellate jurisdiction). We find no justification here for making a new exception to the finality requirement.
 

 The appeal is dismissed for lack of appellate jurisdiction. The parties shall bear their own costs.
 

 [1]
 

 . The Ninth Circuit seems to have taken an inconsistent position on this issue.
 
 Compare In re Stanton,
 
 766 F.2d at 1288 (adhering to majority view),
 
 with In re Sambo’s Restaurants, Inc.,
 
 754 F.2d 811, 813 (9th Cir.1985) (court of appeals asserted jurisdiction over appeal from bankruptcy court's denial of motion to amend proof of claim although district court had reversed and granted leave to amend). The cases may be reconcilable on the basis of a distinction between remands for “significant further proceedings," as here, and outright reversals. We need not express an opinion on such a distinction, however, because the nature of the proceedings mandated by the district court places the instant case squarely within the view embraced in
 
 In re Chateaugay.