11-3911-bk
*Lothian Oil v. Grossman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of May, two thousand thirteen.

PRESENT:     GUIDO CALABRESI,
             DEBRA ANN LIVINGSTON,
             GERARD E. LYNCH,
                              *Circuit Judges*,

───────────────────────────────

LOTHIAN OIL (USA), INC., LOTHIAN OIL TEXAS I, INC., LOTHIAN OIL INVEST-MENTS II, INC., LEAD 1 JVGP, INC., THE BELRIDGE GROUP, LOTHIAN OIL INVEST-MENTS I, INC.,

                    *Plaintiffs-Appellees,*

   -v.-                                              No. 11-3911-bk

JESSICA MARA SOKOL,

                    *Defendant*,

ISRAEL G. GROSSMAN,

                    *Defendant-Appellant*.

───────────────────────────────

                         ISRAEL G. GROSSMAN, *pro se* (Steven Berkowitz,
                         Brooklyn, NY *on the brief*).

                         MAURICE L. BRIMMAGE, JR., Akin Gump Strauss
                         Hauer & Feld LLP, Dallas, TX (Jonathan D.

Pressment, Haynes and Boone, LLP, New York, NY *on the brief*), *for* Lothian Oil (USA), Inc., Lothian Oil Texas I, Inc., Lothian Oil Investments II, Inc., LeaD I JVGP, Inc., Plaintiffs-Appellees; (Ira L. Herman, Gabrielle E. Farina, Thompson & Knight LLP, New York, NY *on the brief*) *for* Belridge Group, Plaintiff-Appellee.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in so much as it dismissed the appeal for lack of jurisdiction and is **REMANDED** to the district court with instructions to **AFFIRM** the sanctions order.

Defendant-Appellant Israel G. Grossman ("Grossman") appeals from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*), entered June 14, 2011, dismissing Grossman's appeal from several orders of the United States Bankruptcy Court for the Southern District of New York ("USBC-SDNY") (Chapman, *J.*). Grossman also appeals from an order of the United States District Court for the Southern District of New York (Berman, *J.*), entered July 22, 2011, denying Grossman's motion for reconsideration of the district court's June 14, 2011 dismissal.

This action relates to Lothian Oil's underlying bankruptcy and the bankruptcy plan approved in the United States Bankruptcy Court for the Western District of Texas ("USBC-WDT") in 2008. The USBC-WDT issued contempt sanctions on July 15, 2010 against Grossman and others for violating the bankruptcy plan by pursuing lawsuits in New York state court. Plaintiffs-Appellees Lothian Oil, Inc., Lothian Oil (USA) Inc., Lothian Oil, Texas I, Inc., Lothian Oil, Texas II, Inc., Lothian Oil Investments I, Inc., Lothian Oil Investments II, Inc., LEaD I JVGP, Inc. (collectively, "Lothian Oil") and The Belridge Group sought a post-judgment deposition and discovery from

2

Grossman in the USBC-SDNY relating to the contempt judgment ordered by the USBC-WDT. The USBC-SDNY entered an order on December 7, 2010, compelling Grossman to appear for a post-judgment deposition in New York and directing that Grossman pay attorneys' fees and costs to the Belridge Group and Lothian Oil ("Plaintiffs-Appellees") in connection with his earlier failure to comply with Plaintiffs-Appellees' document and deposition subpoenas. When Grossman failed to comply with the December 7, 2010 compel order, the USBC-SDNY issued an enforcement order and bench warrant for Grossman's arrest on December 17, 2010.

Grossman appealed the USBC-SDNY orders to the District Court for the Southern District of New York (Berman, *J.*), which denied the appeal and a subsequent motion for reconsideration, stating that the USBC-SDNY orders were non-final, interlocutory orders, that the appeal from the December 17 orders was moot after Grossman attended post-judgment depositions on January 10, 2011, and that the bankruptcy court did not abuse its discretion in issuing the various orders. Grossman timely appealed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We first consider whether we have jurisdiction over this appeal from a bankruptcy matter, for courts of appeals only have jurisdiction over "'*final* decisions, judgments, orders, and decrees' of district courts sitting in review of bankruptcy courts." *Bowers v. Conn. Nat'l Bank*, 847 F.2d 1019, 1021 (2d Cir. 1988) (quoting 28 U.S.C. § 158(d) and adding emphasis). This inquiry consists of two steps: (1) determining "whether the underlying decision of the bankruptcy court was final or interlocutory," and if final, (2) determining "whether the district court's disposition independently rendered the matter nonappealable." *Id.* at 1022; *see id.* at 1023 (suggesting that a district court's

3

remand back to the bankruptcy court for further proceedings could render an otherwise final bankruptcy decision non-final for the purposes of appellate review in Courts of Appeals). If both the bankruptcy court and district court decision are final, we review a bankruptcy court's decision "independent of the district court's review," reviewing the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof. *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012).

The USBC-WDT entered a final judgment on July 15, 2010, when it ordered civil contempt sanctions against Grossman. The proceedings before the USBC-SDNY were ancillary, post-judgment proceedings in which the Plaintiffs-Appellees sought discovery in aid of enforcing the USBC-WDT judgment. Ordinarily, discovery orders are non-appealable interlocutory orders, *see, e.g.*, *Baker v. F & F Inv.*, 470 F.2d 778, 780 n.3 (2d Cir. 1972), and we lack jurisdiction to review discovery orders necessarily incident to the bankruptcy court's pursuit of post-judgment discovery, *see In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 92-93 (2d Cir. 2001) ("[O]rders entered post-judgment . . . are generally appealable, unless they are ministerial or administrative, such as post-judgment discovery orders." (internal quotation marks and citations omitted)). The sanctions orders entered by the USBC-SDNY on December 7, 2010, in the amount of $14,158.55, however, are not ministerial or administrative post-judgment orders, but rather substantive post-judgment orders that resolved Grossman's liability for failing to comply with Plaintiffs-Appellees' document and deposition subpoenas. Thus, the orders are appealable final orders pursuant to 28 U.S.C. § 158(a). *See In re Am. Preferred Prescription, Inc.*, 255 F.3d at 92-93 ("In this Circuit, substantive post-judgment orders issued in cases involving a protracted remedial phase have readily been deemed appealable." (internal quotation marks omitted)); *In re Integrated Res., Inc.*, 3 F.3d 49, 53

(2d Cir. 1993) (holding that a bankruptcy court order is final if it "completely resolve[s] all of the issues pertaining to a discrete claim" in accordance with the standards of finality applicable to an appeal under 28 U.S.C. § 1291 (emphasis omitted)); *cf. Latino Officers Ass'n City of N.Y. v. City of New York*, 558 F.3d 159, 163 (2d Cir. 2009) ("We conclude that we do have jurisdiction because where, as in this case, civil contempt proceedings are instituted after the conclusion of the principal action rather than during the pendency of the action, the order disposing of the contempt proceedings is appealable as a final decision . . . under 28 U.S.C. § 1291." (internal quotation marks omitted)). Moreover, because the district court's disposition of the appeal did not affect the finality of the bankruptcy court's orders, we have jurisdiction here pursuant to 28 U.S.C. § 158(d). *See Bowers*, 847 F.2d at 1022; *see also In re Quigley Co.*, 676 F.3d 45, 50 (2d Cir. 2012) (noting that "28 U.S.C. § 158(d) is the exclusive source of court of appeals jurisdiction over orders of district courts reviewing bankruptcy court rulings" (internal quotation marks omitted)).

"A bankruptcy court's award of sanctions will not be set aside by this Court in the absence of an abuse of discretion." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010). The only question properly before our Court is whether the USBC-SDNY abused its discretion in sanctioning Grossman on December 7, 2010, for failing to comply with Plaintiffs-Appellees' document and deposition subpoenas. Grossman argues that the USBC-WDT erred in issuing its contempt order and thus that the USBC-SDNY abused its discretion in subsequently sanctioning him $14,158.55 in connection with post-judgment discovery. The finality of a post-judgment sanctions order, however, does not transform the appeal of such an order into an appeal of the underlying judgment, and we are thus here "limited to new questions raised by the postjudgment order itself." 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3916 (2d ed.

Supp. 2012). Grossman does not dispute that he violated the discovery orders in question and raises no other argument related to the propriety of the December 7, 2010 sanctions. Accordingly, we **VACATE** so much of the judgment of the district court as dismissed the appeal for lack of jurisdiction, and **REMAND** to the district court with instructions to **AFFIRM** the sanctions order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
