**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-two.

PRESENT:

        BARRINGTON D. PARKER,
        SUSAN L. CARNEY,
        BETH ROBINSON,
                *Circuit Judges.*

_____

IN RE: PAUL J. DIPIETRO,

        *Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HUDSON VALLEY FEDERAL CREDIT UNION,            No. 20-3629

        *Appellant,*

              v.

PAUL J. DIPIETRO,

        *Appellee.*

_____

FOR APPELLANT:               RICHARD R. DUVALL, McCabe & Mack LLP, Poughkeepsie, NY.

FOR APPELLEE:               No appearance.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Appellant Hudson Valley Federal Credit Union ("Hudson Valley") seeks review of a February 5, 2019 order of the district court affirming in part, and reversing and remanding in part, a November 7, 2017 order of the bankruptcy court. In that 2017 order, the bankruptcy court held Hudson Valley in contempt, awarded damages, and imposed additional coercive sanctions based on a determination that Hudson Valley violated the automatic stay imposed by 11 U.S.C. § 362 with regard to its customer, Debtor-Appellee Paul J. DiPietro. The determination arose from Hudson Valley's actions in limiting DiPietro's online access to his account and use of an ATM after he filed his Chapter 7 petition for bankruptcy protection. In its February 2019 decision, the district court affirmed the contempt finding but did not accept the bankruptcy court's damages and sanctions awards. Instead, it vacated those rulings and remanded for reconsideration of those items. On remand, DiPietro abandoned the contempt proceedings and in September 2020, the bankruptcy court entered judgment of dismissal for failure to prosecute. Hudson Valley then obtained a ruling from the district court, denominated as one under Federal Rule of Civil Procedure 54(b) and purporting to "certif[y] as a final judgment" its February 2019 order. App'x at 108. Hudson Valley appealed from that ruling, seeking reversal of the district court's contempt decision. It is that appeal that is now before us. DiPietro has not entered an appearance.

In any appeal, we must first satisfy ourselves of our own jurisdiction. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 179 (2d Cir. 2001). We conclude for the reasons set forth below that we lack jurisdiction and must dismiss the appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

2

In bankruptcy cases, our appellate jurisdiction is limited to "'appeals from all final decisions, judgments, orders, and decrees' of district courts sitting in review of bankruptcy courts." *Bowers v. Connecticut National Bank*, 847 F.2d 1019, 1021 (2d Cir. 1988) (quoting 28 U.S.C. § 158(d)(1)) (emphasis omitted). Although "[t]he finality requirement is less rigidly applied in bankruptcy than in ordinary civil litigation, and 'orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case,'" *In re Johns-Manville Corp.*, 920 F.2d 121, 126 (2d Cir. 1990) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)) (emphasis omitted), our Court "lack[s] jurisdiction over appeals from orders of district courts remanding for 'significant further proceedings' in bankruptcy courts," *Bowers*, 847 F.2d at 1023 (quoting *In re Chateaugay Corp.*, 838 F.2d 59, 62 (2d Cir. 1988)). We consider such orders to lack the statutorily requisite finality.

In addition, even where a district court has entered a "final judgment" on an appeal from a bankruptcy court decision, "[i]t is a fundamental principle of jurisprudence that '[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree.'" *In re O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999) (quoting *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939)). We understand the "prevailing party" principle to derive in its essence from the law of standing: where a party has prevailed below, any concrete harm he incurred from the initial ruling has been eradicated, taking with it his standing to challenge any interlocutory harm. Because "[s]tanding is not merely a prudential doctrine but an Article III limitation on the scope of federal judicial power," this Court generally lacks jurisdiction over an appeal filed by a prevailing party. *Id.* at 142.

We conclude that Hudson Valley's appeal clears neither the "final judgment" nor the "prevailing party" hurdles to our exercise of jurisdiction. The district court's February 2019 contempt ruling was an interlocutory order rather than a final judgment, and the bankruptcy court's ultimate dismissal of the proceedings against Hudson Valley renders it a prevailing party without standing to appeal.

*Finality.* First, by affirming the bankruptcy court's contempt ruling but leaving the remedy question open and directing "significant further proceedings" in bankruptcy court,

*Bowers*, 847 F.2d at 1023, the district court's February 2019 order did not effect a "final" disposition of DiPietro's claim against Hudson Valley. *Cf. In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993) (concluding that bankruptcy court order was not final because damages determination had not been made); *In re Brown*, 803 F.2d 120, 121–23 (3d Cir. 1986) (finding that court of appeals lacked jurisdiction over appeal from district court order that found violation of automatic stay but remanded for determination of damages).

To the extent Hudson Valley maintains that, notwithstanding the February 2019 order's remand aspect, that order has become appealable by virtue of the district court's subsequent Rule 54(b) order, it is mistaken. The putative Rule 54(b) order here did not transform the earlier partial ruling on a single claim into an appealable final judgment. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–44 (1976). A district court may enter partial final judgment under Rule 54(b) only in two circumstances: (i) when a final judgment has been reached with respect to a single claim in a multiple claim action, or (ii) when a final judgment has been reached with respect to a single party in a multiple party action. *See* Fed. R. Civ. P. 54(b). It cannot be entered in a proceeding such as that presented here between DiPietro and Hudson Valley, involving a single claim against a single party. *See Liberty Mut.*, 424 U.S. at 742–43. That the order was issued within the setting of a bankruptcy proceeding triggered by DiPietro's personal bankruptcy petition is of no moment: the contempt proceeding was an independent whole, prosecuted by DiPietro against Hudson Valley. Rule 54(b) simply does not apply here. Thus, the district court's Rule 54(b) order was entered in error and does not render the district court's contempt ruling an appealable final judgment.

*Prevailing party.* Second, although an interlocutory ruling typically is treated as having merged with a subsequent final judgment for purposes of appellate review, *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999), a party that receives a final judgment in its favor ordinarily may not appeal an adverse interlocutory ruling, *see In re DES Litigation*, 7 F.3d 20, 23 (2d Cir. 1993). Hudson Valley may insist that the bankruptcy court's partially vacated contempt order is the final judgment in this case, but in that too it is mistaken. The final disposition of DiPietro's contempt proceeding against Hudson Valley was instead the bankruptcy court's 2020 dismissal of the proceeding for failure to prosecute.

4

Unlike in the prevailing defendant in *Electrical Fittings Corp.*, on which Hudson Valley relies, Hudson Valley is not aggrieved by any aspect of the bankruptcy court's judgment or decree. 307 U.S. 241 (1939). By virtue of the district court's partial reversal, the bankruptcy court order that held Hudson Valley in contempt and directed it to pay damages was no longer a final judgment. The bankruptcy court order dismissing the proceedings does not endorse any finding of contempt. Like the defendant and putative appellant in *In re DES Litigation*, Hudson Valley "verbalizes a request to vacate the judgment only to provide a basis to invite us to review the interlocutory rulings with which it disagrees," not to modify any aspect of the bankruptcy court's judgment of dismissal itself. 7 F.3d at 25. Hudson Valley does not contend that the district court's affirmance of the bankruptcy court's contempt finding would subject it to collateral estoppel consequences in any future proceeding, and it has not identified any other potentially concrete damaging consequences of the district court's order aside from possible reputational harm.[1] These concerns and Hudson Valley's disagreement with the merits of the district court's previous ruling are insufficient to vest Hudson Valley with Article III standing or this Court with jurisdiction to consider this appeal. *See O'Brien*, 184 F.3d at 142.

It is true that being subject to a judicially recorded entry of contempt is undesirable, even if the recorded finding of contempt did not lead to a definitive adverse judgment. It is also true that a lingering contempt finding on the docket may engender questions about Hudson Valley's rights and responsibilities in dealing with future debtor-customers and indirectly affect adjudication of its actions in the face of a possible section 362 proceeding in the future. Nonetheless, the existence of an unfavorable interlocutory ruling—even one that may well be erroneous—does not confer standing on a prevailing party who is not otherwise aggrieved by the judgment.

---

[1] In its letter brief addressing the Court's jurisdiction over this appeal, Hudson Valley refers to the continuing "validity and effect" of the bankruptcy court's contempt order. *See* Appellant's Letter Br. at 4 (Feb. 12, 2022), ECF No. 79. But it is not clear how the remainder of the bankruptcy court's order—essentially a finding of liability that was not essential to the judgment of dismissal—has continuing effect now that the litigation has concluded.

The circumstances of the proceedings here have left Hudson Valley, through no fault of its own, unable to pursue its legal challenge to the merits of the contempt finding against it. Although we dismiss the appeal, we reiterate that this decision does not reflect a rejection of Hudson Valley's position on the merits.

* * *

For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court