23-60-bk

# United States Court of Appeals
## for the Second Circuit

August Term 2023

(Argued: November 15, 2023       Decided:   November 22, 2023)

Docket No. 23-60-bk

————————————————————————

In Re: Décor Holdings, Inc., et al.,

*Post-Confirmation Debtors.*

————————————————————————

Brian Ryniker, in His Capacity as Litigation Administrator of the Post-Confirmation Estates of Décor Holdings, Inc., et al.,

*Plaintiff-Appellant*,

v.

Sumec Textile Company Limited,

*Defendant-Appellee.*

————————————————————————

Before:

WESLEY, CHIN, and BIANCO, *Circuit Judges.*

In this bankruptcy appeal, the Litigation Administrator of the post-confirmation estates of the debtor challenges the District Court's order vacating

the bankruptcy court's entry of default judgment against the Defendant-Appellee and remanding for further proceedings. The appellee challenges our jurisdiction to hear this appeal. We conclude that we do not have jurisdiction because the district court's order setting aside the default judgment is not an appealable, final order. DISMISSED.

NOAH WEINGARTEN (Schuyler Carroll, P. Gregory Schwed, *on the brief*), Loeb & Loeb LLP, New York, New York, *for Plaintiff-Appellant*.

FREDERICK B. ROSNER, The Rosner Law Group LLP, Wilmington, DE *for Defendant-Appellee*.

PER CURIAM:

Plaintiff-Appellant Brian Ryniker, in his capacity as Litigation Administrator of the post-confirmation estates (the "Litigation Administrator") of Post-Confirmation Debtor Décor Holdings, Inc. ("Décor Holdings"), appeals the district court's order, entered on January 12, 2023, vacating the bankruptcy court's entry of default judgment against Defendant-Appellee Sumec Textile Company Limited ("Sumec") and remanding the case for further proceedings. The district court's order re-opened an adversary proceeding that the Litigation Administrator initiated against Sumec to avoid preferential payments of $694,048.84 that Décor Holdings and its affiliated debtors (collectively, the "debtors") made to Sumec in the ninety-day period before it filed for bankruptcy. *In re Décor Holdings, Inc.*, No.

2

21-CV-6725 (GRB), 2023 WL 170595 (E.D.N.Y. Jan. 12, 2023). We **DISMISS** for lack of jurisdiction.

## BACKGROUND

The debtors filed their Chapter 11 petitions on February 12, 2019, naming Sumec, a textile manufacturer located in Nanjing, China, as a creditor. Sumec, however, did not seek to recover from the debtors, to whom it continued to supply textile goods. Instead, it submitted an insurance claim under its policy with state-owned China Export & Credit Insurance Corporation ("Sinosure") on February 27, 2019. Sinosure paid out a portion of the claim and executed a subrogation agreement with Sumec on October 18, 2019. Sinosure also executed a collection trust deed with Sumec, authorizing Sinosure to collect the full amount of the debt in Sumec's name. Sinosure hired U.S. collection agency Brown & Joseph, LLC ("B&J") to collect the debt owed to Sumec. On April 16, 2019, B&J filed a proof of claim in the bankruptcy action in Sumec's name. The proof of claim represented that "notices to the creditor" should be sent to B&J at a post-office box in

Schaumburg, Illinois and listed an email address. Sumec maintains that it never authorized B&J to file, and was not aware of, the proof of claim.

In August 2020, the Litigation Administrator filed this adversary proceeding, and mailed the summons and complaint to Sumec, care of B&J, at that Illinois address, and emailed copies to a representative at B&J. *In re Décor Holdings, Inc., et al.*, 8-20-08130-reg. Although B&J sought extensions of time from the Litigation Administrator to respond to the complaint, Sumec claims it never received the summons and complaint or was otherwise made aware of the action by B&J or Sinosure. Sumec did not file an answer and, in July 2021, the bankruptcy court granted the Litigation Administrator's motion for default judgment against Sumec, entering judgment in the amount of $694,048.84 plus interest.

In October 2021, Sumec filed a motion requesting that the bankruptcy court enter an order (1) re-opening the adversary proceeding and relieving Sumec from the default judgment pursuant to Federal Bankruptcy Rule of Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b), or (2) vacating the default judgment under Federal Bankruptcy Rule of Procedure 7055(c). Specifically, Sumec argued that the Litigation Administrator's service of process—mailing a copy of the summons and complaint to a domestic debt-collector (*i.e.*,

B&J) hired by Sumec's insurer to collect on the debt owed to Sumec—did not satisfy due process or establish personal jurisdiction over Sumec. The bankruptcy court denied the motion, finding that B&J was Sumec's subagent for purposes of the proof of claim, that service of process on Sumec at the address listed in the proof of claim constituted proper service under Bankruptcy Rule 7004(b)(3), and that the Litigation Administrator reasonably relied on the information in the proof of claim. Sumec appealed to the district court.

On January 12, 2023, the district court issued a Memorandum and Order, vacating the entry of default judgment and remanding to the bankruptcy court for further proceedings. *In re Décor Holdings*, 2023 WL 170595 at *7. In doing so, the district court held that Sumec never "specifically confer[red]" authority to either Sinosure or B&J to accept service of process on its behalf, and that the Litigation Administrator did not reasonably rely on the proof of claim. *Id*. at *5–6. This appeal followed.

## DISCUSSION

As a threshold matter, the parties dispute whether we have jurisdiction to hear this appeal. Sumec contends that the district court's order vacating the default judgment is a non-appealable interlocutory order over which this Court

5

lacks jurisdiction. The Litigation Administrator argues that we have appellate jurisdiction for two independent reasons: (1) the district court's order "is final under the collateral order doctrine"; and (2) "the matters at issue in this appeal— related to service of process and agency—will not be further litigated in the proceedings below." Appellant's Br. at 7. As set forth below, we conclude that the district court's order is not final and, thus, we lack jurisdiction to hear this appeal.

"Our appellate jurisdiction is generally limited to final decisions of district courts, those that end the litigation on the merits and leave nothing for the court to do but execute the judgment." *SEC v. Smith*, 710 F.3d 87, 93 (2d Cir. 2013) (alterations adopted) (internal quotation marks and citation omitted). In bankruptcy cases, our appellate jurisdiction is limited to "'appeals from all *final* decisions, judgments, orders, and decrees' of district courts sitting in review of bankruptcy courts." *Bowers v. Conn. Nat'l Bank*, 847 F.2d 1019, 1021 (2d Cir. 1988) (quoting 28 U.S.C. § 158(d)(1)). "Orders that do not dispose of the bankruptcy in its entirety may nevertheless be considered final for purposes of section 158 if they conclusively determine a separable dispute over a creditor's claim or priority." *Id.* at 1022 (alteration adopted) (internal quotation marks and citation omitted).

Nevertheless, we "lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts." *Id.* at 1023 (internal quotations marks and citations omitted).

First, as a general matter, five circuits have held that an order setting aside a judgment pursuant to Federal Rule of Civil Procedure 60(b) is not an appealable, final order. *See Nat'l Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181, 1183 (3d Cir. 1990) ("When an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and in most instances, is interlocutory and nonappealable." (citations omitted)); *Joseph v. Off. of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1028 (9th Cir. 1987) ("A district court's *grant* of a motion to set aside a default is not an appealable final order, where the setting-aside paves the way for a trial on the merits." (collecting cases)); *Parks By & Through Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985) ("When an order granting a Rule 60(b) motion[] merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and is interlocutory and nonappealable." (internal quotation marks and omitted)); *Kummer v. United States*, 148 F.2d 191, 193 (6th Cir. 1945) ("The order setting aside the default against [one defendant] and allowing

7

her to plead was procedural only, and did not dispose of the case on its merits or determine the litigation between the parties. It was not appealable." (citations omitted)); *Arrington v. Duvoisin*, 36 F.3d 1091, 1091 (4th Cir. 1994) (unpublished opinion) ("An order granting a motion to set aside a default judgment is not an appealable final order." (collecting cases)). We have not explicitly addressed this issue; however, we see no reason to reach a different conclusion.

Second, here, the district court's order vacating the bankruptcy court's entry of default judgment against Sumec and remanding for significant further proceedings in the bankruptcy court did not effect a "final order" of the Litigation Administrator's adversary proceeding against Sumec. Despite the Litigation Administrator's contention, the service of process issue has not "been fully litigated on the merits in the courts below." Appellant's Br. at 13. The district court made no finding as to how the Litigation Administrator may choose to effectuate service of process upon Sumec going forward. The district court, and the bankruptcy court before it, only ruled on the narrow question of "whether [the debt collector] was an authorized agent for service of process under Bankruptcy Rule 7004(b)(3)." *In re Décor Holdings*, 2023 WL 170595 at *5; *see also* 8-20-08130-reg, DE 28 at 9 ("In this case, the question for the Court is whether due process

was achieved when the Plaintiff served the complaint at the address listed in the proof of claim.").

Neither the district court nor the bankruptcy court reached Sumec's arguments, raised in its motion to vacate, that it must be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and that no other service pursuant to Bankruptcy Rule 7004(b)(3) would be appropriate. Because these questions should be resolved in the first instance on remand, vacatur of the default judgment by no means "conclusively determine[s] a separable dispute." *Bowers*, 847 F.2d at 1022 (citation omitted); *see also id.* at 1024 ("The remand to the bankruptcy court ordered here leaves open many possible resolutions that may well settle, or obviate the need to decide, issues presented by this appeal.").

The Litigation Administrator suggests that on remand he "would . . . likely be required to re-serve process in compliance with the Hague Convention," and that because China has invoked Article 13 of the Hague Convention to decline to effect service in unrelated past cases, it will almost certainly do so here, effectively ending this adversary proceeding. Appellant's Br. at 9–10 (citing *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 566 (S.D.N.Y. 2013)). The Litigation

9

Administrator notes that "[e]ven if [he] attempted to serve Sumec through 'diplomatic channels,' it is unclear whether such service would ultimately be effective or accepted." Appellant's Br. at 10. In short, according to the Litigation Administrator, he "will encounter—with nearly virtual certainty— insurmountable obstacles attempting to serve an arm of the Chinese government in China that will make it doubtful . . . whether [he] can continue to prosecute this litigation." Appellant's Reply Br. at 2; *see also* Appellant's Br. at 12 ("The transaction costs, measured against the benefit of the judgment, would simply be too high."). As discussed above, these arguments make legal assumptions that have not yet been resolved in this case. Moreover, the additional expense and purported obstacles surrounding the Litigation Administrator's ability to serve Sumec in China and prosecute the adversary proceeding on the merits do not transform the vacatur of a default judgment into a final order for purposes of establishing appellate jurisdiction. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) ("[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." (quoting *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 436 (1985))).

10

We find the Litigation Administrator's attempt to invoke the collateral order doctrine to be similarly unavailing. "The collateral order doctrine . . . is a judicially created exception to the final decision principle; it allows immediate appeal from orders that are collateral to the merits of the litigation and cannot be adequately reviewed after final judgment." *Germain v. Conn. Nat'l Bank*, 930 F.2d 1038, 1039–40 (2d Cir. 1991). An order is final under the collateral order doctrine if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *EM Ltd. v. Banco Cent. de la República Arg.*, 800 F.3d 78, 87 (2d Cir. 2015) (internal quotation marks and citation omitted). "In making this determination, we do not engage in an individualized jurisdictional inquiry. Rather, our focus is on the entire category to which a claim belongs." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal quotation marks and citations omitted). Here, there is no question that a district court's vacatur of a default judgment is reviewable on appeal from a final judgment. *See, e.g.*, *Johnson v. N.Y. Univ.*, 800 F. App'x 18, 19–20 (2d Cir. 2020) (summary order) (reviewing the district court's grant of a motion to vacate default judgment under Fed. R. Civ. P. 55(c) together with dismissal of the complaint); *Sik*

11

*Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 55 (2d Cir. 2017) (summary order) (reviewing the district court's grant of a motion to set aside a notation of default, and subsequent denial of a motion for default judgment, together with its grant of summary judgment in favor of defendant). Therefore, notwithstanding the Litigation Administrator's practical concerns regarding his ability to effectuate service on Sumec and ultimately collect on any judgment, we see no basis to apply the collateral order doctrine to hear an appeal challenging the vacatur of a default judgment which can be reviewed, if necessary, upon the entry of a final judgment in the adversary proceeding.

Finally, although the Litigation Administrator relies on our decision in *Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992), that reliance is misplaced. To be sure, in *Stone*, we noted that federal courts "generally apply the same test of finality for purposes of preclusion as they do for appealability," and then explained that "a decision generally is appealable when the issue to be addressed on appeal is final in the sense that it is not subject to further modification on remand." *Id*. at 1055 (citation and emphasis omitted). Applying that standard for appellate jurisdiction to an issue of claim preclusion, we held that the state court's decision that "le[ft] open only the questions of appropriate relief and the manner in which the holding

was to be enforced, [wa]s 'final' for purposes of preclusion" such that the defendants were bound by the state court's prior adjudication in their federal action. *Id*. at 1056. This is not a situation where the only remaining questions involve relief and enforcement of the holding; rather, the adversary proceeding is at its infancy, with issues of service of process and the actual merits of the action (assuming service is effectuated) still to be resolved on remand. Thus, the dicta in *Stone* regarding the general rules of appealability has no application to the circumstances in this appeal.

## CONCLUSION

We have considered the remainder of the Litigation Administrator's arguments in support of jurisdiction and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.