12-4254-bk
*Sapere Wealth Mgmt. LLC et al. v. MF Global Holdings Ltd.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of December, two thousand thirteen.**

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAPERE WEALTH MANAGEMENT LLC , GRANITE ASSET
MANAGEMENT, SAPERE CTA FUND, L.P.,

> *Appellants*,

> -v.-                                                                                  No. 12-4254-bk

MF GLOBAL HOLDINGS LTD., Plan Administrator,

> *Appellee.*

JAMES W. GIDDENS, Trustee for the SIPA Liquidation of MF
Global Inc.,

> *Trustee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR APPELLANTS:**                                JOHN J. WITMEYER, III, (Jon R. Grabowski, *on the brief*) Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY.


**FOR DEFENDANT-APPELLEE:**                MARC A. HEARRON (Brett H. Miller, Craig A. Damast, William M. Hildbold, New York, NY, *on the brief*) Morrison & Foerster LLP, Washington, DC.

Appeal from the October 9, 2012 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 9, 2012 judgment of the District Court is **AFFIRMED**.

Appellants Sapere Wealth Management LLC, Granite Asset Management, and Sapere CTA Fund, L.P. (together, "Sapere")[1] appeal from the judgment of the District Court dismissing for lack of jurisdiction an appeal from the February 1, 2012 opinion and order of the Bankruptcy Court (Martin Glenn, *Judge*) (the "Bankruptcy Order") on the basis that the Bankruptcy Order was interlocutory rather than final. The only issue on appeal is whether the District Court correctly determined that the Bankruptcy Order was not final for the purposes of an appeal as of right under 28 U.S.C. § 158(a)(1).[2] Familiarity with the factual and procedural background of this case is presumed.

The Bankruptcy Order denied Sapere's December 5, 2011 motion—part of a Chapter 11 bankruptcy action instituted by MF Global Holdings, Ltd. ("MFGH")—to direct that the estates of MFGH and its affiliates (together, "Chapter 11 Debtors") be administered pursuant to subchapter IV of chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 761-767), and Part 190 of the U.S. Commodity Futures Trading Commission ("CFTC") regulations (17 C.F.R. § 190). In denying the motion, the Bankruptcy Court "emphasize[d] that the denial of Sapere's Motion . . . does not determine the rules that apply to distributions from the Chapter 11 Debtors' estates to MFGI customers." *In re MF Global Holdings Ltd.,* 465 B.R. 736, 744 (Bankr. S.D.N.Y. 2012). We agree with the District Court that, because the Bankruptcy Order did not foreclose Sapere's ability to continue to assert a priority right to distributions from the Chapter 11 Debtors' estates, the Bankruptcy Order

---

[1] Sapere is a commodities customer of MF Global Inc. ("MFGI"), the subsidiary, registered broker-dealer, and futures commission merchant of MFGH. **SPA12.**

[2] We have explained that "[f]or appeals 'of right' a district court only has jurisdiction to hear appeals from 'final judgments, orders, and decrees.'" *In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 159-60 (2d Cir. 2006) (quoting 28 U.S.C. § 158(a)(1)).

is not a final order..[3] *Cf. In re Chateaugay Corp.*, 838 F.2d 59, 62 (2d Cir. 1988) (holding that a district court's order remanding to bankruptcy court was interlocutory where "the district court's opinion is replete with expressions of non-finality [and] contemplates significant further proceedings in the bankruptcy court [to determine the rights of the parties]"). Accordingly, we affirm the judgment of the District Court dismissing the appeal for lack of subject matter jurisdiction.

## CONCLUSION

We have considered the parties' arguments on appeal and **AFFIRM** the October 9, 2012 judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Indeed, Sapere continued to pursue its priority rights in the District Court and the Bankruptcy Court. *See* Notice of Appeal, *In re MF Global Holdings Ltd.*, No. 13-3532 (S.D.N.Y. May 24, 2013), ECF No. 1; Objection to Proof of Claim No. 1481, *In re MF Global Holdings Ltd.*, No. 11-15059-mg (Bankr. S.D.N.Y. Feb. 13, 2013), ECF No. 1081.