14-3134
Sik Gaek, Inc. v. Yogi's II, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand seventeen.

PRESENT:
> **CHESTER J. STRAUB,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.\**

_____

**Sik Gaek, Inc.,**

> *Plaintiff-Appellant,*

> **v.**                                                                14-3134

**Yogi's II, Inc.,**
**Daniel Kim,**

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael S. Kimm, Adam Garcia, Kimm Law Firm, Englewood Cliffs, NJ. |
| **FOR DEFENDANTS-APPELLEES:** | No brief. |

---

    * This case was originally assigned to a three-judge panel, but one member of the panel is no longer participating in consideration of the matter. The remaining members of the panel, who are in agreement, have decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*; Pohorelsky, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sik Gaek, Inc., ("Sik Gaek") appeals from a final judgment of the district court in favor of Daniel Kim. Sik Gaek challenges the district court's (1) denial of its motion for default judgment against the nonappearing Yogi's II, Inc. ("Yogi's"), (2) denial of leave to amend to assert claims for fraudulent registration and trademark cancellation, in violation of 15 U.S.C. §§ 1119 and 1120, (3) denial of its requests for sanctions against Kim and for the disqualification of his attorney below, and (4) grant of Kim's motion to set aside the default initially entered against him. We address Sik Gaek's arguments in turn. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Claims Against Yogi's**

We review a district court's ruling on a motion for default judgment for abuse of discretion. *Shah v. N.Y.S. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Covino v. Vt. Dep't of Corr.*, 933 F.2d 128, 130 (2d Cir. 1991) (per curiam). Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process. 10A Charles Alan Wright et al., FED. PRAC. & PROC. § 2682 (4th ed.). After review, we conclude that the district court did not abuse its discretion by denying the entry of default judgment against Yogi's. Based on the record that was before the district court, there was insufficient evidence to establish that Yogi's was ever properly served.

## II. Claims Against Kim

Although Sik Gaek characterizes its arguments on appeal as challenging the district court's grant of summary judgment in favor of Kim, its arguments address only its claims under §§ 1119 and 1120, which were not raised in its original complaint and which the district court denied leave to amend to add. Accordingly, Sik Gaek is actually challenging that denial. We review the district court's denial of leave to add a claim under § 1119 for abuse of discretion, but review de novo the district court's conclusion that leave to add a claim under § 1120 would be futile. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

Here, the district court did not abuse its discretion by denying leave to amend to raise a trademark-cancellation claim under § 1119. In its original order, the district court directed Sik Gaek to file a proposed amended complaint but allowed it to raise its § 1119 claim against only Yogi's, not Kim, observing that such a claim affected only Yogi's because it was the registered owner of the marks in question. The district court was under no obligation to allow Sik Gaek to amend four years after it filed its original complaint, after the close of discovery, and after Kim had moved for summary judgment, and its conclusion that a § 1119 claim was more appropriately pursued against only Yogi's was not an abuse of discretion. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201-02 (2d Cir. 2007).

Nor did the district court err in concluding that leave to amend to add a fraudulent-registration claim under § 1120 would be futile. Section 1120 provides a cause of action to seek "damages sustained in consequence" of a false or fraudulent registration. 15 U.S.C. § 1120. Sik Gaek concedes on appeal that it was required to plead damages as an element of such a claim. However, it made no serious effort below, and makes none here, to tie the

3

allegedly fraudulent registrations to any specific damages it suffered, and instead claims only that Kim conceded that Sik Gaek's "$2 Million contract payment was never made" and that this "itself is proof of the minimal damages suffered" by Sik Gaek. Even assuming that Sik Gaek was owed $2 million, it fails to explain how the failure to pay on a contract has anything to do with an allegedly false or fraudulent registration, much less represents "damages sustained in consequence thereof." *See* 15 U.S.C. § 1120.

Sik Gaek next challenges the district court's denial of its motions for sanctions against Kim and for the disqualification of his attorney. However, Sik Gaek failed to preserve either challenge for appeal by failing to file timely, specific objections to the magistrate judge's ruling. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *see also Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993) (declining to consider unobjected-to discovery rulings).

Finally, Sik Gaek challenges the district court's grant of Kim's motion to set aside his default, and the resulting denial of Sik Gaek's motion for default judgment. We have a "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted), and a decision whether to set aside a default is a decision left to the sound discretion of the district court because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). When deciding whether there is good cause to set aside a default, the courts look to "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96.

4

Here, the district court did not abuse its discretion by concluding that Kim had demonstrated good cause to set aside his default. Sik Gaek presented no evidence of willfulness on Kim's part, and could not demonstrate any prejudice it would suffer were the default to be set aside. And, as the magistrate judge correctly observed in its report and recommendation, Kim advanced facts in support of at least two defenses that would have been complete if proven. Although Kim's motion to dismiss for lack of standing was ultimately denied, a "defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Green*, 420 F.3d at 109 (internal quotation marks omitted). Moreover, Sik Gaek failed to timely object to the magistrate judge's report and recommendation, which itself would provide a sufficient basis for affirming the district court's order. *See* Fed. R. Civ. P. 72.

We have considered Sik Gaek's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and **DENY** Kim's motion to consolidate this appeal with his appeal pending in 2d Cir. 16-2944 (L).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5